Ryan Lee, Esq. (SBN 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal, Esq. (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 861-1390
Attorneys for Plaintiff,
CHRISTOPHER BLASZYK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

|  |  |
|---|---|
| CHRISTOPHER BLASZYK, ) | **Case No.: '15CV1705 JAH JLB** |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ) | |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| PROGRESSIVE MANAGEMENT ) | |
| ) | |
| SYSTEMS, LLC, ) | |
| ) | |
| Defendant. | |

CHRISTOPHER BLASZYK (Plaintiff), by his attorneys, KROHN & MOSS, LTD.,

alleges the following against PROGRESSIVE MANAGEMENT SYSTEMS, LLC (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).

3. Count III of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

5. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

7. Plaintiff is a natural person residing in Poway, San Diego County, California.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with offices in West Covina, California.

**FACTUAL ALLEGATIONS**

11. In or around April, 2014, Plaintiff obtained a copy of her credit report, containing the information reported by all three credit reporting agencies, including: Equifax, Transunion, and Experian. *See* Exhibit A.

12. On the credit report obtained on or around April, 2014, Defendant reported account number 1880XXXX. Further, the account was reported with a payment status of "Seriously past due." This information was published to the credit reporting agency Experian.

13. Plaintiff's alleged debt arises from transactions for personal, family, or household

purposes.

14. Believing the information published by Defendant to be false, Plaintiff disputed the accuracy of the information in a letter addressed to Defendant on or around April 9, 2015. See Exhibit A.

15. The April 9, 2014 letter was faxed to Defendant at (626) 813-6230, and receipt of the fax was confirmed on April 13, 2015.  *See* Fax Confirmation attached hereto as Exhibit "B."

16. In the letter sent to Defendant, Plaintiff included the account number being reported by Defendant, Plaintiff's address and the last four numbers of her social security number, and stated:

> *I recently checked my credit report and found the above-mentioned account included in my credit history. I was not aware that I ever owed a debt to your company and question the validity of the account as being reported. At your earliest convenience, please let me know what the above-mentioned account is regarding. Again, with no further information, I do not believe that I owe you any money and that your reporting otherwise is wrong. Additionally, please remove your information from my credit report until I confirm in writing that the debt is actually owed to you. All of my contact information is below.*

*See* Exhibit A.

17. Despite Plaintiff's attempt to resolve the inaccuracies of Defendant's reporting, Defendant continues to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that have been disseminated to various persons and credit grantors, both known and unknown.

18. Further, since receipt of the April 9, 2015 letter, Defendant has taken the affirmative step to update the information reported to Experian and yet has failed to either correct the

information reported or list the accounts in a status notating that the accounts are "Disputed."

19. As a result of Defendant's failure to conduct a timely and reasonable investigation of Plaintiff's dispute and Defendant's willful and persistent reporting of false and misleading information, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

22. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

23. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

    a. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

    b. Defendant violated § 1692e(2) by communicating a false representation of the amount, character, or legal status of the alleged debt; and

    c. Defendant violated § 1692e(8) of the FDCPA by communicating false credit information, including the failure to report that the alleged debt is disputed.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a.   Statutory damages of $1000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

    b.   Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

    c.   Any other relief that this court deems to be just and proper.

<u>COUNT II</u>
<u>DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT,</u>
<u>(FCRA), 15 U.S.C. § 1681 et seq.</u>

24. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

25. At all times pertinent hereto, Defendants were "persons" as that term is defined by 15 U.S.C. § 1681a(b)

26. Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b)

27. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages, and harm to the Plaintiff that are outlined more fully above, and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, and any attorneys' fees and cost permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a.   Actual damages in an amount to be determined by the trier of fact pursuant to 15 U.S.C. § 1681n(a)(1);

    b.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.   Statutory damages of not less than  $1000.00 pursuant to 15 U.S.C. § 1681n(b);

d.   Any other relief that this court deems to be just and proper.

## COUNT III
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the RFDCPA based on the following:

a.   Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

30. Statutory damages of $1000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

32. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPHER BLASZYK, demands a jury trial in this cause of action.


RESPECTFULLY SUBMITTED,

DATED:  July 31, 2015                    KROHN & MOSS, LTD.


By: /s/Ryan Lee

Ryan Lee
Attorney for Plaintiff